**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE DEFFEBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-10244 |
| | ) | |
| -vs- | ) | |
| | ) | Judge  Edmond E. Chang |
| BNSF RAILWAY COMPANY, a Corporation, | ) | |
| and JOHN ABRHAMSON and JASON | ) | Magistrate Judge Daniel Martin |
| CURBOW, as individuals, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BNSF RAILWAY COMPANY'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The record in this case establishes that Deffebaugh failed to meet BNSF's performance expectations while working as a Trainmaster at the Galesburg Terminal, and that her performance deficiencies resulted in her dismissal.  Deffebaugh ignores this abundant evidence, arguing that the court should deny summary judgment because: (1) she believed she performed well; (2) she received favorable reviews from earlier managers; (3) a male employee committed a safety violation and was not terminated; and (4) her manager's testimony and the many BNSF documents chronicling her performance failures are "inadmissible hearsay."  Each of these arguments is easily abrogated by long-standing case law.  Deffebaugh argues further that many of BNSF's facts should be stricken, not only because they are based on "inadmissible hearsay," but because some of the factual statements are compound.  This procedural argument is also misguided.

The following facts remain undisputed.  The Galesburg Terminal instituted a new layer of management – four Terminal Managers – to improve terminal performance and efficiency.

Adding Terminal Managers allowed for closer supervision of Trainmasters. After this change, Galesburg terminal management, including the Terminal Managers, Assistant Terminal Superintendent Anthony Fulton, and Terminal Superintendent John Abrahamson, observed that Deffebaugh had serious performance deficiencies. With the involvement of Human Resources Director Duncan Brown, who is African American, management spent five months working with Deffebaugh in an effort to assist her in meeting her performance objectives. Throughout this time, management saw no improvement. In fact, Deffebaugh's performance declined. She failed to communicate with managers and peers, failed to participate in mandatory safety briefings, and sent inappropriate and confidential email messages to terminal employees. Toward the end of her extended Performance Improvement Plan ("PIP") period, Deffebaugh committed a serious safety-rule violation— astonishingly, while performing a mandatory safety test for train crews. Given Deffebaugh's undeniable failure to meet her performance objectives, including the serious safety-rule violation, BNSF discharged her.

In responding to BNSF's summary judgment motion, Deffebaugh fails to present a shred of evidence in support of any <u>material</u> disputed fact, and, fails to make a cogent legal argument about the existence of any disputed material fact. Viewing the record entirely in her favor, Deffebaugh has failed to establish the requisite elements of her claims, and BNSF is entitled to summary judgment as a matter of law.

## <u>ARGUMENT</u>

## I. <u>DEFFEBAUGH'S SUBJECTIVE BELIEF THAT SHE PERFORMED WELL IS IRRELEVANT.</u>

To establish her *prima facie* cases of discrimination and retaliation, Deffebaugh must show that she was meeting BNSF's legitimate performance expectations, *in the eyes of her supervisors*, at the time of her termination. *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319,

326 (7th Cir. 2002); *Langenbach v. Wal-Mart Stores, Inc.,* 988 F. Supp. 2d 1004, 1020 (N.D. Ill. 2013). To defeat summary judgment, Deffebaugh must also establish that BNSF's articulated reason for discharging her — her poor performance — was pretextual. To do so, Deffebaugh must show BNSF's reason: (1) had no basis in fact; (2) did not actually motivate BNSF's decision; or (3) was insufficient to motivate BNSF's decision. *Hughes v. Brown*, 20 F.3d 745, 747 (7th Cir. 1994).

The undisputed facts demonstrate that BNSF made its expectations quite clear to Deffebaugh: both her performance review and PIP explicitly detailed her performance shortcomings, as well as the tasks and objectives her managers expected her to complete. Deffebaugh acknowledges she was well aware of these requirements. She not only failed to meet these requirements, her performance deteriorated. Again, these facts remain undisputed. Importantly, Deffebaugh does not cite to any evidence that reflects that her managers believed she was meeting BNSF's expectations during the last fifteen months of her employment. In fact, she admits that her managers evaluated her performance as poor. (*See* P.'s Response to BNSF Statement of Material Facts, ¶¶20-49) In addition, Deffebaugh fails to present any evidence to show her managers' assessment of her performance as poor was insufficient to motivate their decision to discharge her.

Instead, Deffebaugh disputes BNSF's assessment and argues— without citation to any case law— that the disparity between her personal assessment and that of her managers somehow creates a genuine issue of material fact on her discrimination and retaliation claims. It does not. Under well-established Seventh Circuit precedent, Deffebaugh's subjective assessment of her performance does not create a material dispute. A multitude of cases have affirmed the granting of summary judgment to employers where the plaintiff relies solely on her self-serving

3

statements about her abilities, with each court noting these statements are insufficient to: (1) contradict an employer's negative evaluation; (2) create a triable fact issue about whether or not the employee met her employer's performance expectations; and (3) create a genuine issue of material fact as to whether the employer's articulated reason for the adverse employment action was pretextual.  *See e.g.*, *Nichols v. S. Ill. Univ.-Edwardsville,* 510 F.3d 772 (7th Cir. 2007); *Dunn v. Nordstrom, Inc.*, 260 F.3d 778, 787 (7th Cir. 2001); *Fortier v. Ameritech Mobile Commc'ns., Inc.,* 161 F.3d 1106, 1114 (7th Cir. 1998); *Hartley v. Wis. Bell, Inc.*, 124 F.3d 887, 891 (7th Cir. 1997); *Anderson v. Stauffer Chem. Co.,* 965 F.2d 397, 401 (7th Cir. 1992); *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).

In sum, Deffebaugh has failed to offer any evidence to show that: (1) she met BNSF's expectations during her final months of employment, and (2) BNSF did not actually believe her performance was poor.  Accordingly, no genuine issues of material fact exist, and summary judgment must be granted as a matter of law on her discrimination and retaliation claims.

## II.    DEFFEBAUGH'S EARLIER POSITIVE PERFORMANCE REVIEWS ARE IRRELEVANT.

Likewise, Deffebaugh's argument that her earlier positive performance reviews create a triable issue fails.  The relevant inquiry is not how Deffebaugh's managers evaluated her ability to meet BNSF's performance expectations many years before her termination, as Deffebaugh suggests.  Rather, in reviewing an employer's motion for summary judgment on employment discrimination claims, the issue is "whether the employee was performing well at the time of his termination."  *Karazanos v. Navistar Intern. Transp. Corp.*, 948 F.2d 332, 336 (7th Cir. 1991).

An array of Seventh Circuit cases have affirmed summary judgment in favor of the employer on this basis, acknowledging that "the fact that an individual may have been qualified in the past does not mean he is qualified at a later time."  *See e.g.*, *Weihaupt v. American Medical*

4

*Ass'n*, 874 F.2d 419, 427 (7th Cir. 1989), *quoting Grohs v. Gold Bond Bldg. Prods.,* 859 F.2d 1283, 1287 (7th Cir. 1988). Typically, courts find the relevant evaluation time period to be twelve to eighteen months prior to plaintiff's termination. *See e.g., Peele*, 288 F.3d 319 (18 months prior to termination); *Karazanos,* 948 F.2d 332 (12 months prior to termination); *Weihaupt*, 874 F.2d 419 (12 months prior to termination); *Langenbach,* 988 F.Supp.2d (15 months prior to termination); *See also, Grohs*, 859 F.2d 1283 (90 days prior to termination).

In every assessment of Deffebaugh's performance during the fifteen months preceding her discharge, her managers rated her well below the company's performance expectations and in need of improvement. Deffebaugh does not dispute this fact. (P.'s Response to BNSF Statement of Material Facts, ¶¶22-49) Importantly, this timeframe followed the hiring of Terminal Managers, who provided closer supervision thereafter of all Trainmasters, including Deffebaugh. This heightened management oversight uncovered Deffebaugh's serious performance deficiencies. These facts further disconnect any earlier evaluations from the material and relevant facts related to Deffebaugh's performance. Accordingly, no genuine issues of material fact exist as to Deffebaugh's failure to meet BNSF's performance expectations during the fifteen months prior to her termination, and BNSF is entitled to summary judgment on each of Deffebaugh's claims.

**III. NO SIMILARLY SITUATED EMPLOYEE WAS TREATED FAVORABLY.**

In her response to BNSF's motion, Deffebaugh makes a half-hearted argument that BNSF did not discipline or terminate similarly situated white male employees who committed safety violations. (P. Response, pp. 8 and 12) She cites Mr. Pilkington as the sole example. (*Id.*) Not only does Deffebaugh cite no case law to support her proposition, she also gravely distorts her own deposition testimony. (P.Tr. 53)

To survive summary judgment on her discrimination claims, Deffebaugh must identify an employee, who is "directly comparable to her in all material respects," who is not female and/or not African American, who engaged in the same behavior and was treated more favorably by the same decisionmaker. *Zayas v. Rockford Mem'l Hosp.*, 740 F.3d 1154, 1158 (7th Cir. 2014); *citing Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002). A plaintiff's "uncorroborated generalities" that another employee was not subjected to discipline are insufficient to support a Title VII claim. *Zayas*, 740 F.3d at 1158, *citing Oest v. Ill. Dept. of Corr.*, 240 F.3d 605, 615 (7th Cir. 2001).

Deffebaugh has not established any of the requisite factors of a comparator employee. Rather, the record shows only that Deffebaugh claims that a Mr. Pilkington, presumably a male, was caught by surprise by the safety inspectors Deffebaugh referred to as "the stealth team" and was told his conduct was a safety violation. (P.Tr. 53) Deffebaugh does not claim Mr. Pilkington was a BNSF employee, much less a similarly situated one, nor did she claim that he was not disciplined or terminated for his violation. (*Id.*) In fact, the record is silent as to Mr. Pilkington's race, job title, job responsibilities, or supervisor. The record is also silent as to whether he was disciplined for the violation and how that violation compares to Deffebaugh's deadly decision violation.

Most importantly, Deffebaugh conveniently ignores the fact that she was not terminated based solely on her serious safety violation but also for failing to improve after being placed on a PIP. Indeed, there is no evidence in the record of any other Trainmaster who was placed on a PIP to address his or her poor performance, did not improve, and was not terminated. When asked specifically to identify any Trainmaster meeting these criteria, Deffebaugh could not do

so, stating she knew of no one. (P.Tr. 204-05) Because Deffebaugh fails to satisfy this *prima facie* element, BNSF is entitled to summary judgment on both of her discrimination claims.

## IV. <u>CURBOW'S TESTIMONY IS NOT HEARSAY.</u>

To the extent Deffebaugh disputes BNSF's material facts, she primarily does so based on the contorted argument that Terminal Manager Jason Curbow, her direct supervisor, lacks first-hand knowledge of her performance and his testimony is inadmissible hearsay. She asserts that there are "genuine disputes of facts . . . because Defendant relies on hearsay testimony to establish a legitimate reason for terminating Deffebaugh."[1] (P's Response, p.11)

Deffebaugh's argument is not supported by the Federal Rules of Evidence, or by the readily distinguishable smattering of cases she cites. Deffebaugh mentions two fraud cases and one RICO case in support of the proposition that Curbow's testimony should be disregarded: *Judson Adkinson Candies, Inc. v. Latini-Hohberger Dhimanec*, 529 F.3d 371 (7th Cir. 2008); *Eisenstadt,* 113 F.3d 738; and *LaFlamboy v. Landek*, 587 F.Supp.2d 914 (N.D.Ill. 2008).

*Judson*, *Eisenstadt*, and *Laflamboy,* and Rule 56(c)(2), do not require this Court to ignore Curbow's deposition testimony with regard to BNSF's reason for discharging Plaintiff. In *Judson*, the court addressed the district court's decision to strike plaintiff's exhibit: a chart plaintiff created that listed bank transactions it claimed represented defendant's fraudulent transfers from plaintiff's bank account. *Judson*, 529 F.3d at 382. In upholding the lower court decision, the Seventh Circuit held that the summary was inadmissible because plaintiff had not laid a proper foundation for the underlying bank transactions summarized within the chart, and had not established that the summary was accurate. *Id.* Secondary evidence summarizing

---

[1] Deffebaugh asserts that hearsay evidence is inadmissible in summary judgment proceedings to the same extent it is inadmissible at trial. Although she accurately cites *Eisenstadt* to explain that the Seventh Circuit explicitly exempts deposition testimony from this prohibition, she fails to explain why, given the exemption, Curbow's testimony should be excluded. *See, Eisenstadt* v. *Centel Corp*., 113 F.3d 738, 742 (7th Cir. 1997). Also, Deffebaugh relies on hearsay statements in her own deposition to support her additional facts and does not explain how these are distinguishable and admissible at trial. (P's Response, p. 9-10; *see e.g.,* Statement of Additional Facts ¶86)

transactions between parties is hardly comparable to the instant case where a direct supervisor, Terminal Manager Jason Curbow, testified as to his assessment of Plaintiff's performance.

Eisenstadt and LaFlamboy are similarly distinguishable. In Eisenstadt, the court upheld the district court's decision to disregard a newspaper article which attributed comments to defendant, when presented by plaintiff for the purpose of proving the defendant had engaged in certain conduct. Eisenstadt, 113 F.3d at 742. In LaFlamboy, the court considered defendant's motion for summary judgment on plaintiff's RICO claims. In ruling on the motion, the court struck certain exhibits that were unauthenticated either by deposition testimony or affidavit. LaFlamboy, 587 F. Supp. 2d at 922. In each of these cases, the types of evidence excluded are simply not germane to the present case. Jason Curbow, a direct supervisor testifying under oath about his assessment of Deffebaugh's performance is competent evidence and not hearsay. In addition, there is no dispute that the documentation reflecting Deffebaugh's poor performance was properly authenticated either by Terminal Manager Curbow at his deposition, or by Deffebaugh at hers, or by both.

Contrary to Deffebaugh's argument, to the extent Curbow and the other managers who evaluated Deffebaugh's performance relied on information reported to them in forming their assessment of her performance and in making their decision to discharge Deffebaugh, their testimony is not hearsay. Fenje v. Feld, 301 F. Supp. 2d 781, 811 (N.D. Ill. 2003). BNSF offers this evidence not for the truth of the matter asserted, but to establish the information the manager had at the time of his decision, and that he relied on it in making his decision. The manager may testify about information brought to his attention, even if the individual who provided the information does not testify. Schuster v. Shepart Chevrolet, Inc., 2002 WL 507130, at *5 (N.D. Ill. April 3, 2002). Curbow's testimony about other managers' comments regarding

Deffebaugh's performance would also be admissible for the purpose of showing the other managers' states of mind regarding her performance. *Fenje,* 301 F. Supp. 2d at 811, *citing, EEOC v. Univ. of Chicago Hosp.,* 276 F.3d 326, 333 (7th Cir. 2002); *Aetna Life Ins.Co. v. Wise,* 184 F.3d 660, 665–66 (7th Cir. 1999).[2]

In this case, BNSF charged Terminal Manager Jason Curbow, Deffebaugh's direct supervisor, with the responsibility of communicating with Deffebaugh and all members of management about her performance and her PIP progress, as well as with documenting these communications. Curbow did just that. Accordingly, Mr. Curbow is the <u>most</u> competent person to testify to these facts.

Taking Deffebaugh's argument to its logical conclusion, a supervisor would be required to witness an employee's every infraction to provide the proper foundation to issue discipline or terminate an employee for poor performance. At trial, an employer would be required to call as a witness each company official who witnessed each separate event upon which the employer based its employment decision. Surely, this is not the standard, and the Seventh Circuit plainly does not require such a showing. *See O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 984 (7th Cir. 2001)(courts "do not sit as a kind of 'super-personnel department'"), *citing Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 976 (7th Cir. 2000), *quoting Giannopoulos v. Brach & Brock Confections, Inc.*,109 F.3d 406, 410 (7th Cir. 1997).

In sum, Terminal Manager Curbow's testimony, and the documents that he (and Deffebaugh) properly authenticated, are admissible and undisputed. The Court must deny

---

[2] Deffebaugh erroneously suggests that BNSF must present facts that <u>prove</u> she engaged in each of the acts and omissions that resulted in her dismissal. She claims "the issue of why she was fired" is "a material fact in dispute" because she denies she performed poorly, denies that she committed a safety violation, and BNSF's facts do not prove either of these. (*See* P's Response, p. 11-12) Deffebaugh misconstrues the parties' burdens. Furthermore, there is no evidence in the record indicating that Deffebaugh actually denies that she committed the safety-rule violations. (*See* P. Tr. 410; 415-16; 428; P. Dep. Ex. 23; P's Res. to BNSF's Statement of Material Facts, ¶¶40-44.)

Deffebaugh's Rule 56(c)(2) objections to BNSF's material facts and should properly consider this evidence in its review of BNSF's motion for summary judgment.

## V.   BNSF'S STATEMENTS OF MATERIAL FACTS COMPORT WITH LOCAL RULE 56.1.

Deffebaugh asks the Court to reject BNSF's Rule 56.1 Statement of Material Facts because some of its undisputed facts are compound. As with each of the legal arguments Deffebaugh asserts in her response, she fails to cite a sole case that is on point and supportive of her position.[3]

Local Rule 56.1 is designed to isolate the material facts and put them before the court in an orderly and concise manner. *Schwab v. N. Ill. Med. Ctr.*, 2014 WL 2111124 *1 (N.D. Ill. May 20, 2014). The Rule provides that the statement of facts, "shall consist of *short numbered paragraphs, including within each paragraph specific references* to the affidavits, parts of the record, and other supporting materials relied upon to support *the facts set forth in that paragraph*." N.D.Ill. R. 56.1(a)(emphasis added).

The Rule does not limit the statements to one sentence or one fact per paragraph; in fact, the opposite is true. Regardless of whether they are compound, courts will not strike the movant's statements of fact where they are amenable to response, grouped in a logical manner, and are supported by references to the record in a manner that allows the court to determine that there is support for the fact asserted. *See Portis v. City of Chicago*, 510 F. Supp. 2d 461, 463 (N.D. Ill. 2007); *Fenje,* 301 F. Supp. 2d at 818 (no factual assertion of defendant will be ignored because it is contained in a lengthy or complex paragraph).

---

[3] In fact, in each of the cases Deffebaugh cites, the court not only allowed defendant's statements to stand, it also affirmed the district court's decision to deem defendant's facts admitted due to plaintiff's improper denials. In each instance, the lower court based its decision on the very errors Deffebaugh commits in her own response to BNSF's 56.1 statement of facts. *See Ammons v. Aramark Uniform Servs., Inc.,* 368 F.3d 809, 817-18 (7th Cir. 2004); *Bordelon v. Chicago Sch. Reform Bd. of Trustees,* 233 F.3d 524, 527-528 (7th Cir. 2000); *Cichon v. Exelon Generation Co*., 401 F.3d 803, 810 (7th Cir. 2000); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008).

District courts have discretion in the enforcement of this local rule, and routinely allow statements of far greater length and complexity than BNSF's. *Bordelon,* 233 F.3d at 527; *see e.g., Isbell v. John Crane, Inc.,* 2014 WL 1153064, at *1-2 (N.D. Ill. March 21, 2014) (allowing a six-page excerpt of deposition testimony as one fact statement); *Graney v. Hartford Financial Services, Inc.,* 2002 WL 31248509, at *2 (N.D.Ill. Oct. 4, 2002) (allowing statements that "are too long and contain multiple sentences and fact patterns"); *Schwab,* 2014 WL 2111124, at *1 (allowing paragraphs ranging from three to six sentences); *Portis,* 510 F. Supp. 2d at 463 (allowing paragraphs containing multiple statements of fact).

In short, there is no basis to disregard BNSF's statements of fact, each of which presents material facts in an orderly, concise manner, with proper citation to the record. Accordingly, the Court should deny Deffebaugh's request to disregard BNSF's statements of fact.

## VI.  TO THE EXTENT DEFFEBAUGH FAILS TO PROPERLY RESPOND TO BNSF'S FACTS, THOSE FACTS SHOULD BE DEEMED ADMITTED.

Pursuant to Local Rule 56.1, all material facts set forth in defendant's statement are deemed admitted unless controverted by plaintiff. N.D.Ill. R. 56.1(b). In the case of any disagreement, the plaintiff must make specific reference to the exact pieces of the record that justify her denial. *Id.; Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000). Plaintiff may not simply state that she disagrees, assert additional and purportedly "undisputed" facts which contain no citation whatsoever to any evidence, or, assert legal argument within her response. *Malec*, 191 F.R.D. at 584; *Portis*, 510 F. Supp. 2d at 464 (plaintiff's reply brief, and not her L.R. 56.1(b) response, is the platform to present argument that underlying testimony is inadmissible hearsay). Even where plaintiff takes issue with the form of defendant's statement, she is obligated to respond in the manner mandated by the Rule. *Green v. Harrah's Ill.Corp.,* 2004 WL 1102272, at *2 (N.D. Ill. April 30, 2004). A party's failure to support her denial with a

citation to the record, and/or her denial through legal argument alone, allows the court to consider the fact undisputed. *Midwest Imp., Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995); *Cracco v. Vitran Exp., Inc.,* 2007 WL 3171325, at *2 (N.D. Ill. Oct. 24, 2007). The Seventh Circuit regularly upholds a district court's enforcement of this requirement. *See e.g.*, *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir.2003); *Salvadori v. Franklin Sch. Dist.,* 293 F.3d 989, 992 (7th Cir. 2002); *Hedrich v. Bd. of Regents of Univ. of Wis. Sys.,* 274 F.3d 1174, 1178 (7th Cir. 2001); *Midwest Imp., Ltd.*, 71 F.3d at 1316; *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994).

Deffebaugh responds to 30 of BNSF's 53 material fact statements with a straight "undisputed." In responding to an additional sixteen of BNSF's statements, Deffebaugh disputes the statement, but fails to cite to the record whatsoever to support her denial.[4] Instead, she objects to each statement, arguing that because they are based on Mr. Curbow's testimony, they are inadmissible hearsay.

The court in *Teal v. Chicago Sun-Times, Inc.* addressed this precise issue. 2001 WL 1609384, at *1 n. 1 (N.D. Ill. Dec. 14, 2001). Teal failed to admit or deny paragraphs of defendant's Rule 56.1 statement which referred to her supervisor's testimony regarding the company's reasons for her termination. Instead, she objected to the statements, arguing they relied on hearsay. The court soundly rejected plaintiff's argument, noting that defendant offered the statements not for the truth of the matter asserted, but to establish the defendant's state of mind in its decision to terminate plaintiff. *Id.* The court further held, "All 56.1 responses which fall into this category shall be deemed admissible." *Id.*

---

[4] See Plaintiff's responses to BNSF's SOF 8, 9, 12, 13, 14, 18, 21, 33, 34, 37, 40, 41, 42, 43, 44, and 46.

For the same reasons, BNSF's SOF 8, 9, 12, 13, 14, 18, 21, 33, 34, 37, 40, 41, 42, 43, 44, and 46 should be deemed admitted.

## **CONCLUSION**

Deffebaugh's response only reconfirms that she has not established the requisite elements of her claims of race and sex discrimination, and retaliation. It remains undisputed that during the time leading up to Deffebaugh's discharge, her managers gave her every chance to succeed. Despite all their attempts, Deffebaugh's performance not only did not improve, it got worse, culminating in a serious safety violation. Instead of disputing any of these material facts, which of course she cannot, Deffebaugh simply contorts her deposition testimony and unloads several bogus legal arguments. Accordingly, no genuine issues of material fact exist, and BNSF is entitled to summary judgment as a matter of law on each of Deffebaugh's claims.

Dated: December 12, 2014

Respectfully submitted,
BNSF RAILWAY COMPANY,

By:    s/Susan M. Troester
          One of Its Attorneys

Martin K. LaPointe (ARDC #6195827)
Susan M. Troester (ARDC #6238264)
LAPOINTE LAW, P.C.
1200 Shermer Road, Suite 310
Northbrook, Illinois 60062
Telephone: 847-786-2500
Facsimile: 847-786-2650

## CERTIFICATE OF SERVICE

The undersigned, an attorney, representing Defendant BNSF Railway Company, hereby certifies that she caused a copy of the foregoing **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** be filed electronically through the e-filing system with the Northern District of Illinois, Eastern Division, and to be served electronically upon all counsel of record referenced below on December 12, 2014:

> Peter M. LaSorsa (pmllaw@yahoo.com)
> The Law Offices of Peter M. LaSorsa, P.C.
> 1 South Dearborn, Suite 2100
> Chicago, Illinois 60601

/s/Susan M. Troester